UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SALVADOR SCIORTINO | * | CIVIL ACTION NO. |
| | * | |
| PLAINTIFF | * | SECTION |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| SENTRY SELECT INSURANCE | * | MAGISTRATE JUDGE |
| COMPANY, DEBOER | * | |
| TRANSPORTATION, INC., and STEVE | * | |
| LUCIO | * | A JURY TRIAL IS DEMANDED |
| | * | |
| DEFENDANTS | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

TO:   The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendants Sentry Select Insurance Company ("Sentry"), Deboer Transportation, Inc. ("Deboer"), and Steve Lucio (" Mr. Lucio") through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, hereby file this Notice of Removal of the action entitled "*Salvador Sciortino v. Sentry Select Insurance Company, Deboer Transportation, Inc. and Steve Lucio,* Civil Docket No. 20220002653, Sec. E" on the docket of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana. In support of this Notice of Removal, Defendants Sentry, Deboer, and Mr. Lucio respectfully represents that:

**INTRODUCTION**

1.

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants under the provisions

of 28 U.S.C. § 1441(a). This civil action is among diverse parties who are citizens of different States, and Plaintiff's claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

2.

Plaintiff, Salvador Sciortino, commenced the above-captioned action on August 30, 2022, in the 21st Judicial District Court for the Parish of Tangipahoa. *See* Exhibit A, Petition for Damages. Plaintiff's allegations stem from a September 2, 2021, motor vehicle accident on Interstate 10 in Tangipahoa Parish. *Id.* at ¶¶ 7-9. Plaintiff alleges Defendant Steve Lucio was employed by Deboer Transportation, Inc., thereby making Deboer Transportation, Inc. vicariously liable for the actions of Mr. Lucio. *Id.* at ¶ 13. Plaintiff is seeking damages for past, present and future physical pain and suffering; past, present and future metal anguish and anxiety; past, present and future medical and rehabilitation expenses; past, present and future loss wages; loss of earning capacity; loss of enjoyment of life; and property damages. *Id.* at ¶ 15. .

**COMPLIANCE WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

3.

Plaintiff served Sentry through its registered agent for service of process on September 13, 2022. See Exhibit B, State Court Record. Mr. Lucio was served via the Louisiana Long Arm Statute. *Id.* Deboer was served via the Louisiana Long Arm Statute on September 12, 2022. *Id.*

4.

Plaintiff's Petition for Damages did not specify his damages or other injuries with specificity. Exhibit A, Petition for Damages. Accordingly, the Petition for Damages did not affirmatively reveal on its face that Plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court. *See Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 400

(5th Cir. 2013). However, on September 21, 2022, Defendants received "other paper" from Plaintiff's counsel, making it "unequivocally clear and certain" that the subject case is removable and the potential damages exceed the jurisdictional requirement of $75,000.00. *See Darensburg v. NGM Ins. Co.*, 2014 WL 4072128, *2 (E.D. La. Aug. 13, 2014). Accordingly, this Notice of Removal is timely filed as it is being filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(3).

5.

This removal is timely as it is being filed within 30 days after the receipt of "other paper" from Plaintiff to Defendants.

6.

The 21st Judicial District Court for the Parish of Tangipahoa is located within the United States District Court for the Eastern District of Louisiana. Therefore, venue is proper in the Eastern District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

7.

Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), a copy of all process, pleadings, and orders that comprise the state court record is attached as Exhibit B, State Court Record.

8.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel avers that contemporaneously with the filing hereof, Sentry, Deboer, and Mr. Lucio have given notice to all adverse parties whose identities are known, and Defendants have filed a copy of this Notice of Removal with the Clerk

of the State Court. Exhibit C, Notice to State Court and Adverse Party of Filing of Notice of Removal.

## **DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

9.

This Court has original jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332(a) because this is a civil action where (a) the parties in interest are citizens of different States and (b) the amount in controversy exceeds $75,000.00.

### **All Parties are Diverse**

10.

There is complete diversity of citizenship between the Plaintiff and the Defendants named in this matter. Plaintiff's Petition alleges that Salvador Sciortino is domiciled in St. Tammany Parish, Louisiana. *See* Exhibit A, Petition for Damages, at ¶ 1.

11.

Defendant Deboer Transportation, Inc. is a Wisconsin corporation with its principal place of business in the State of Wisconsin. *See* Exhibit A, Petition for Damages, at ¶ 3 Therefore, Deboer Transportation, Inc. is considered a citizen of Wisconsin and is diverse from the Louisiana Plaintiff.

12.

Defendant Steve Lucio is domiciled in the State of Texas. *See* Exhibit A at ¶ 4. Therefore, Defendant Lucio is considered a citizen of Texas and is diverse from the Louisiana Plaintiff.

13.

Defendant Sentry takes on the citizenship of its insured, Deboer Transportation, Inc., for the purposes of determining diversity in a direct action lawsuit under 28 U.S.C. § 1332(c)(1)(A). Further, Sentry is a Wisconsin corporation with its principal place of business in Wisconsin. *See*

4

Exhibit D, Louisiana Department of Insurance Record for Sentry Select Insurance Company. Therefore, Sentry is considered Wisconsin citizen and is diverse from the Louisiana Plaintiff.

14.

For the foregoing reasons, Defendant submits that there is complete diversity between all parties, and this Court is vested with subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

**The Amount in Controversy Exceeds $75,000.00**

15.

Plaintiff's allegations stem from a motor vehicle accident that allegedly resulted in personal injury. In the Petition, Plaintiff alleges that he sustained personal injuries. He is seeking extensive general damages and special damages. See Exhibit A, Petition for Damages.

16.

Plaintiff's Petition does not state the amount in dispute. *Id.*

17.

"Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages…the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir.2000) (internal citations omitted).

18.

On September 21, 2022, counsel for plaintiff provided defendants with a medical record and expense summary. Exhibit E, Medical Treatment and Expense Summary. Based upon

5

information provided by Plaintiff's counsel, Mr. Sciortino suffered alleged injuries to his neck, back, and knees. *Id.* He underwent pain management treatment and surgery. *Id.* Specifically, he has undergone a series of two epidural steroid injections and C3-7 laminectomy and posterior cervical fusion. *Id.* The plaintiff's known medical expenses are $128,892.44. *Id.* This does not account for plaintiff's claimed general damages.

19.

Based on the injuries allegedly sustained and the past medical expenses alleged, it is clear that Mr. Sciortino's potential damages exceed the jurisdictional minimum of $75,000.00 under 28 U.S.C. §§ 1332(a).

20.

Plaintiff has not sought to limit his damages in any way. While Sentry, Deboer, and Mr. Lucio admit no liability nor causation for any element of damages, Sentry, Deboer and Mr. Lucio have met their burden of showing that the amount in controversy exceeds the jurisdictional amount required for removal pursuant to 28 U.S.C. §§ 1332 and 1441. For the foregoing reasons, Sentry, Deboer, and Mr. Lucio submit that the amount in controversy reasonably exceeds $75,000.00, and this Court is vested with subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

## **CONCLUSION**

21.

For all the reasons outlined above, this civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Sentry and Mr. Lucio under the provisions of 28 U.S.C. §§ 1441(a). The parties have diverse citizenships, and the claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

22.

This removal is made with Sentry, Deboer and Mr. Lucio reserving all rights to assert and plead any and all defenses to the claims presented by Plaintiff.

23.

No previous application has been made for the relief requested herein.

24.

Sentry, Deboer, and Mr. Lucio are entitled to and request a jury trial on all issues so triable.

25.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendants Sentry Select Insurance Company, Deboer Transportation, Inc. and Steve Lucio pray that the above action now pending in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be removed to this Honorable Court and for a trial by jury of all issues of fact.

Respectfully submitted,

*/s/:  Heather N. Shockley*
**MICHAEL R. SISTRUNK** (Bar No. 12111)
**HEATHER N. SHOCKLEY** (Bar No. 33296)
McCRANIE, SISTRUNK, ANZELMO,
  HARDY, McDANIEL, & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, LA   70433
Telephone:    (504) 831-0946
Facsimile:     (800) 977-8810
Email: msistrunk@mcsalaw.com
Email: hmn@mcsalaw.com
***Attorneys for Defendants, Steve Lucio, Deboer Transportation, Inc., and Sentry Select Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, I electronically filed the foregoing with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system and notice of this filing will be sent to all counsel of record either by depositing a copy of same in the United States mail, first class postage prepaid, or by e-mail or by facsimile transmission.

*/s/: Heather N. Shockley*
**HEATHER N. SHOCKLEY**